Case number 16-1454, Mellow Partners, A Partnership, Appellant v. Cmsnr. of Internal Revenue Service. Mr. Shaw for the appellant, Mr. Farber for the accolade. Good morning, Mr. Shaw. We'll hear from you. Good morning, Your Honors. May it please the Court, I'm A. Shaw for the appellant. The first issue in this case is whether Mellow Partners is subject to the TEFRA partnership audit rules. Because it was a small partnership, it was not subject to TEFRA. There are four key points in this case. First, it's undisputed that Mellow Partners had only two partners. Mr. Berlow and Mr. Melton each held his respective interest in Mellow Partners through a single-member LLC. Excuse me. Did you say it was undisputed that there's only two partners? That's correct. I thought the government's position that there were actually four partners. Well, the government's position is that the two partners that are relevant here are the two single-member limited liability companies and that Mr. Berlow and Mr. Melton are merely indirect partners. Yeah, well, so that makes them four. Okay. I stand corrected, Your Honor. But it is undisputed that the two single-member LLCs were disregarded entities under the Section 7701 regulations. And those regulations provide that a disregarded entity is disregarded for all federal tax purposes. But you're talking about the application of a different statutory provision. One doesn't control the other. Well, in fact, the Section 7701 of the Internal Revenue Code states it applies for purposes of Title 26, the Internal Revenue Code, and that provision does not actually define limited liability company. Limited liability companies and the treatment of limited liability companies for purposes of the Internal Revenue Code are determined under, and for all purposes of the Internal Revenue Code, are determined under the Section 7701 regulations, also known as the check-the-box regulations. And those regulations provide that for purposes of Title 26, that a limited liability company with one member can be treated either as a corporation or as a disregarded entity, and only one of those two. For purposes of the code, there's no exception in 7701 or the regulations thereunder for the small partnership exception. In other words, those regulations apply for all purposes of the code, including the small partnership exception. How about the flow-through regulation? The flow-through regulation, so what they're referring to is a pass-through partner regulation under 6231. I'm sorry, pass-through rather than flow-through. Certainly. So that regulation states that if a partner is a pass-through partner, then the small partnership exception doesn't apply. Now, the question here is who, for purposes of that provision, should be treated as a partner. And the IRS has stated in Revenue Rule in 2004, starting off with the 7701 regulations, the Section 7701 regulations provide that a disregarded entity is disregarded and is treated, in the case where it's owned by an individual, is treated as indecipherable from that individual. It's treated as a sole proprietor. Do you have any support for your claim that 7701 determines whether TEPRA applies? You don't have support for it. You're making the argument, and all the authority is against you on it, and you don't meet the requirements of TEPRA here with respect to the exception. So, I mean, I hear you. I hear what you're saying, but then we go looking for authority. You don't have any. And everyone who's come down on the point has gone the other way. Well, the IRS, actually, in Revenue Rule in 2004-77, which was issued less than a week before 2004-88 and was issued by a different group within the IRS, concluded that where a partnership is owned. Why does that matter to us, whether it was a different group? I mean, all of these things are extraneous. It doesn't matter. It goes to the point that deference should not be given to Revenue Rule in 2004-88. What about deference to the regulation, the passive regulation? Well, the question with respect to the passive regulation is, first, who is the partner here for federal tax purposes? And the partner for federal tax purposes are Mr. Berlow and Mr. Melton. No, that's not. No, wait, wait, wait. I don't want to count them. There's no support for that. That's not the position of the government, honestly. And you have no support contrary to their position. I mean, you're arguing it vigorously, but I'm reading like, so what? That's not correct. It's the LLCs that are the partners. Well, the IRS actually argued, the government actually argued in 436 limited and 6611, both tax court cases. Look, here's the problem. When you're preparing a case, everything in the case identifies the LLCs as the partners, including your materials. Everything identifies them as the partners, not the individuals. Every piece of paper, forget the regulations, just the stuff you were creating, everything says the LLCs are the partners. And under state law, they may have been the partners for certain purposes, but not for all purposes, even under state law. Under state law, for tax law purposes, they were not the partners. Mr. Berlow and Mr. Melton were the partners. So under state law, they may have been free. Your creation says they're the partners. Yeah, but the Section 77. Right? Well, but the Section 77. Right. I'm sorry? Your creation of this arrangement says they're the partners. For state law purposes, correct. It says that for state law purposes? Is that limitation in there? I missed it. Well, the federal. It doesn't, does it? It does not. Okay. So, I mean, you don't have an argument. Everything in the authorities points against you. I understand why you're fighting hard, vigorously, but you have no authority in support of your position. Nothing. Well, the question here, Your Honor, is should state law control it? Disregard to entity can be formed under state law. It can be formed under the laws of a foreign country. And the point here is that the Section 7701 regulations don't look to the laws of a foreign country or state law to determine how an entity, a disregarded entity, should be treated for federal tax purposes. That's a matter of federal tax law. And so there's nothing in the Section 7701 regulations, in their Term of Revenue Code, or in any regulation that says that you look to state law to determine how a state law or the laws of a foreign country determine how a single-member limited liability company should be treated for federal tax purposes. And, in fact, that is why the Section 7701 regulations were promulgated back in 1996. Didn't you stipulate that the two partners were the LLCs? No, we did not, Your Honor. There's no such stipulation. No. There's no such stipulation. Would you be surprised if I cite one to you? Well, the document, I think, that you're referring to states that that term is merely used for convenience in that document. And if the consequences of that agree, why would a lawyer say that? For convenience? For the convenience of our determining who the partners were at this arrangement. Yeah, it was very convenient. It helped me a lot. Well, that provision clearly says it's merely for the convenience, and the document only refers to the partners as the partners in a particular section, under which they were the partners under the general partnership agreement for Mellow Partners. So it's correct. They were the partners under the general partnership agreement for Mellow Partners. And you think Seaview is wrong as well, right? I do, Your Honor. You don't have to violate the regulations, the law, other circuits, and all of your documents to get to your position. Well, I believe Seaview trading actually is inconsistent with the decisions in other circuits. I think it's inconsistent with the first, second, and sixth circuits in medical practice solutions, McNamee, and Candy. In each of those cases, the court concluded that the issue in each of those cases was who was an employer for federal employment tax purposes. And the IRS argued in each of those cases, and the court agreed that the disregarded entity is disregarded, and the employer, the individual owner, is the employer for federal employment tax purposes. And so here in Seaview trading, where the Ninth Circuit is concluding that you don't disregard the disregarded entity, you regard it and you treat it as a partner, that is actually, in fact, inconsistent with those circuits and the decisions in those cases. Counsel, let me go back to the past certain regulation. You object to the IRS's definition or interpretation of that regulation, right? That's correct, Your Honor. If their interpretation prevails, you lose. That would be correct, wouldn't it? Well, that would require two interpretations to prevail. One is that they properly determine who is a partner for purposes of that provision, contrary to their decision they're holding in Revenue Rule 2004-77 and their positions in 436 and 6611. So first, they would have to conclude that, in fact, for the purpose of that regulation, that the partners were the two single-member LLCs and not Mr. Verlo and Mr. Melton. Go ahead. And then second, they would have to conclude that a disregarded entity is similar to the entities listed under pass-through. That is correct. That's the way I saw it. Now, assuming that regulation is ambiguous, why wouldn't the IRS get our deference with respect to the interpretation of that regulation? Well, first, because I don't think it's ambiguous as to who is a partner here for federal tax purposes. Federal tax purposes, again, does not look to state law to determine who is the partner. So I think that ends our inquiry. But even assuming that the partners were the single-member LLCs, there's nothing in those regulations that provides that it applies to a disregarded entity, unlike each of the entities that are listed there. What about my specific question? Why wouldn't the IRS, if assuming it's ambiguous, you may argue it's not ambiguous, but assuming it is ambiguous, why wouldn't the IRS get our deference with respect to the interpretation of the regulation? There was an argument as to whether Skidmore deference applies to the Revenue Ruling. But why wouldn't our deference, which is a legal requirement that a government's regulation, properly authorized, gets deference with respect to its own interpretation of ambiguity? Well, that regulation is inconsistent with another government regulation, the Section 7701 regulation. In other words, you're not answering the question whether our deference would apply. I see that my time is up. Could I have 30 seconds to respond, please? You can respond to the question. Okay. So the provision, their interpretation of the Password Partner Regulation lacks any thoroughness of reasoning. If we look at Revenue Ruling 2004-88, the cases that cite 2004-88, they all have very little or no analysis in them as to why that interpretation should apply. So I think it lacks thoroughness of reasoning or lacks much reasoning altogether. There was another question that we already asked you to be prepared to address in an order. Can you say something about that? Regarding CHI, yeah, I can certainly do that. And so the issue there is under Section 6751b1 and whether penalties may be properly assessed. And the government hasn't contended in its briefs that it met the requirements of Section 6751. It only contended that the appellant is barred from raising that issue at this point in this proceeding. And it cites to a case which ultimately cites to the Supreme Court decision in Hormel. And in that case, in Hormel, the Supreme Court decided that it was appropriate for it to allow the government to raise an issue for the first time on appeal. And the Supreme Court recognized the general rule that ordinarily an appellate court does not give consideration to issues not raised below, but it also acknowledged an exception to that rule. And in the interest of justice, it states that where judicial interpretations of existing law, after decision below and pending appeal, may have materially altered the decision below, that that's an exception to the general rule that an appellate court should not consider new issues raised. So what are you asking us to do? I'm asking that the penalties be dismissed or at the minimum the case be remanded to the tax court in light of the decision in the second court decision in Chi. Well, we certainly couldn't do it on our own motion because we don't know what the evidence is or is not. So I'm guessing what you're meaning to say is we ought to remand. That's correct, Your Honor. If you're right on our ability to take account of this change in the law. Yes, that is correct, Your Honor. Is it your contention that 67B1 is a jurisdictional requirement or it's just a burden of production or burden of proof element? It's our position that under Section 6751 for the IRS to raise penalties and for the tax court to have jurisdiction that it had to have those penalties approved in the writing before the penalties were brought to protect the taxpayer. And that was what 6751 was intended to do, protect taxpayers from IRS agents who would threaten penalties to try and get a taxpayer to settle. I guess here's what I'm struggling with, just to lay it on the table here. The Second Circuit's opinion in Chi at the beginning speaks of 6751 as if it's jurisdictional. But then at the end of the opinion what they say is that what we're doing here is determining whether it was an abuse of discretion for the tax court to not address this issue when it was only raised in post-trial briefing. And they conclude that it wasn't an abuse of discretion. And so they allowed the issue to be raised on appeal. So here, as best as I can tell, you didn't raise it at all in the tax court, right? No, no penalty has ever been denied under Section 6751 before Chi was decided. But to answer my question, you didn't raise it, right? We did challenge penalties but did not raise 6751, that's correct. So we don't have an abuse of discretion review here because they weren't presented with the issue to exercise their discretion. So in that sense, if we were to follow, I guess, the First Circuit's opinion in Coffman that Chi discusses, you would be out of luck, right, under Coffman? Under Coffman, yes. But if it's jurisdictional, then it would seem that we have to consider it whenever it's raised, if it's jurisdictional. But maybe not. Maybe that's only if it goes to our jurisdiction. I'm not sure, but I'm trying to understand the import of this argument that it's jurisdictional. Do you see what I'm getting at? I do, Your Honor. And, you know, I believe that the court, the tax court has, subsequent to Chi, followed that decision in numerous, dozens of cases, and, you know, that it is a jurisdictional matter. The question here is whether or not the tax court properly would assess penalties. Well, isn't your argument that post-Chi the tax court is saying that its new view of this provision should be applied prospectively and retroactively? I mean, I read all those decisions for kind of a strange array. They seem to say, whatever, it's always been here. This is the correct ruling, and anyone who's in play, we will take account of it. So, I mean, do you have to have a jurisdictional provision? You can say Coffman. You can say the First Circuit didn't have the question before. Well, I think whether it's jurisdictional or a matter of what Hormel described. Yeah, but, I mean, it does matter if it's jurisdictional. It would be strange if this is jurisdictional. I don't even know how to wrap my head around that. But in any event, does that matter to your argument, that it's jurisdictional? Well, it doesn't matter whether or not it's jurisdictional. I think it's a matter of justice, as the Supreme Court said in Hormel. Well, but the principle is because the tax court is saying, let them all be in play. I mean, this is an array of opinions. They're really quite amazing. That's right. You read them, and they're saying, sure, if you're still pending and around. Certainly, if you're still pending and around, we'll take a look at it. No? Isn't that what they seem to be saying? Well, they are, and as Your Honor noted, they're applying it retroactively as well, not simply prospectively. And so, you know, in this case, what we're saying is that just simply because of timing, the appellant here should not suffer the detriment that it wouldn't suffer if it were still in the tax court. You want to get away from the first act by saying there's an intervening change of law. Well, that was intervening judicial interpretation of law. Well, no, no. Your bigger argument is the tax court itself is saying this is a change in law as far as we're concerned, and we buy it. I mean, it's not like the NLRB, which rejects everything that the courts say. The tax court is saying we accept it, and it applies in every circuit. That's correct, Your Honor. Okay. All right.  We'll give you a couple minutes on rebuttal. We'll hear from your friend on the other side, Mr. Farber. Could you start with the question of whether your position now still relies on waiver or whether you're, in light of the tax court's changing position, prepared to change your litigating position? Your Honor, we're still saying they waived it. The tax court decisions that my opponent sent to the court have no bearing on this case. In all the tax court decisions that were sent, the issue was raised by the taxpayer before trial. A trial was held. In one of the cases, the commissioner put on evidence. The tax court found that evidence was sufficient to meet its burden of production to show the written requirement was met. In the other three cases, the commissioner didn't put on any evidence at trial, and the court ruled against them. In two of those cases, the commissioner wanted to reopen the record to introduce evidence, saying, well, Chai came down in the interim, we didn't realize we had to put on evidence, and the tax court rejected it, saying, no, the taxpayer put it in issue, you didn't exercise due diligence. In this case, we had a petition filed. The taxpayer challenged the merits of the judgments and the penalties. Didn't say a word about 6751. Thereafter, it moved to dismiss on jurisdictional grounds. That was denied. The taxpayer then conceded his entire case on the merits and then consented to an entry of a decision, which included a determination that penalties were applicable. He consented because the commissioner filed a motion under Rule 248B of the tax court rules, which pertains to settlements and partnership cases, and he said in his motion, the commissioner and Mr. Berlow have reached a settlement, the terms of which are reflected in the decision, lodged with the ---- Counsel, there's no question he waved down below. You don't have to argue that point. Okay. The only question was whether you would, given the tax court's vote fast, should this case be treated as a change in law? No, Your Honor, because if you consent to ---- First of all, the decision, Chai, is abiding on this court. It's not a Supreme Court. No, no, that isn't the point. The tax court itself has embraced it. They're applying it retroactively and prospectively. Yes. They have effectively said it's an intervening change in the law. We're doing something we hadn't been doing before, and then they say, but, you know, it's here, and so what we're doing now is really what the law is. It's very strange, but in any event, they have chosen to say it applies across the board. But they haven't said anything about somebody who never raised it before. Well, isn't that a reason we'd send it back? I don't think so, Your Honor. I don't think there's any change in law. I think Kaufman is still good law. Suppose the tax court were to say, under the circumstances we're changing, we would allow somebody to assert this point, even on appeal, if it was waived below. Well, the tax court can't allow someone to raise it on appeal. Only this court can. No, no. Oh, well. They can't control whether an appellate court will entertain a new argument on appeal. That's outside their province. They can't. No, suppose they said we would allow re-hearing on this. Well, they can't have re-hearing when it's on appeal. Only if this court remanded it. We're trying to figure out what they want. What would they want in this situation? I don't know if they would, you know. The taxpayer here could have argued like Mr. Chai that the written requirement wasn't met. There was no law when he argued the case. He argued it, and the provision was on the books for years, since 2000, I think, was the statute says no penalty shall be assessed unless the initial determination of the assessment is approved in writing. And the question in Chai, the real question was, well, when does this approval have to take place? So what we're struggling with is, in plain error type analysis, what we do is we look to see what the law is when we hear it. Okay? It's kind of analogous. And so the law has now changed. What it was before, when you first started briefing, was something different. Now the law created by the tax court interpreting its statutory provisions and regulations, they said it's different, and our case is pending. And so doesn't justice demand that we send it back and say, well, you seem to want to apply this prospectively and retroactively. Our case is still alive. This is not the Kauffman situation. Kauffman didn't have this intervening change in the law. Well, I would disagree with change in law, respectfully, Your Honor. Chai interpreted his statute as to when the requirement of written approval has to be met. I think you're right about that. But I also read the tax court is taking a different position. Right. The tax court is saying we now agree that that's a correct statement of the law. Okay, so now when the commissioner goes to the tax court, he knows that at trial, unless he has a stipulation with the taxpayer agreeing that he's met the written requirement, written approval requirement, he has to, at trial, as part of his burden of production, he has to introduce a writing and testimony, if necessary, to establish it. Okay, that's fine. That's what's going to happen in the tax court. The commissioner knows that. His attorneys, which handle litigation in the tax court, know that. That's fine. But we have a case here where we have a taxpayer who consented to a judgment. He could have, you know, raised the issue saying I consent except as to 6751. He didn't. The commissioner lodged a decision that says penalties apply. He didn't object to it. And so now he wants another bite of the apple because the taxpayer made a different argument in Chai about it. Is the rule in the tax court, as you understand it, that if a party doesn't raise what they see as the law now, it's waived at the tax court? Or is it an affirmative burden on the tax court, on the IRS? I believe he has to raise it at some – let's assume the taxpayer – And I want the citation if you have it. Do you think the new rule is, yeah, this is the way we're interpreting this provision now. But the burden is on the taxpayer to raise it if they think it hasn't been met as opposed to the burden is on the IRS as part of their case to present it. Well, you're asking a couple – the tax court hasn't addressed the situation in these cases that were just sent to you about where the taxpayer never raises it. Right. Okay. Then the commissioner goes to trial. He doesn't put on evidence. Right. And then afterwards the taxpayer says, oh, the commissioner didn't meet it. I don't know what the tax court would say there because in all four cases the taxpayer did raise it before trial. But even assuming the tax court would say the commissioner should have known now that he has to do it, that is still not the situation here where they didn't raise it. There was no trial where the commissioner didn't put on evidence. And that's what happened in Chai. There was a trial. The commissioner didn't put on evidence. The taxpayer in a post-trial motion said – We don't know what the – what you're saying, it seems to me, is we don't know what the tax court now thinks about who has the responsibility to raise what when, do we? We don't know. But the tax court certainly would – let's assume – Does the tax court regard this as jurisdictional? No. Judge Wilkins? No. There's nothing – the statute isn't jurisdictional. Well, no, I – Oh, I'm sorry. I'm trying to figure out what the tax court thinks. I don't think the tax court put it in jurisdictional terms. You know, the Supreme Court has cut back on, you know, every statute. Nothing's jurisdictional anymore, but particularly a statute that says no penalty shall be assessed unless the commissioner, you know, has it approved in writing. There's nothing that constrains jurisdiction there. The court has to have jurisdiction over a case, and then we get to – What I'm saying is if we had a case where the taxpayer didn't raise it, the commissioner goes to trial, the parties put on their evidence on the merits, the taxpayer doesn't raise it even afterwards, the tax court then enters a decision saying upholding penalties, all right? The taxpayer shouldn't be allowed on appeal to say it was the commissioner's burden of production in the tax court when he never said that at any point in the tax court. It's got to say at some point. He could maybe say it now in the tax court after trial because the commissioner should know it's part of his prima facie case. But the taxpayer has to say it at some point in the tax court to preserve it for trial. Is your position that nothing the tax court could say would be relevant to this case? Absolutely. That is my position. In other words, even if it was remanded back and then the tax court said, yes, this issue can be raised at any time? Oh, no. If the court remanded, then the court, if the court says in the interest of justice the tax court should decide this issue, then the tax court would have to hold a hearing at which the commissioner would have the burden of production to produce the writing. My position is the court shouldn't do that here because all the cases that we're talking about are cases where Chai and all the other cases are where the taxpayer at some point in time in the tax court raised the issue. Did the tax court say that that was important? I don't recall that. Well, it didn't. It's true. I've read the cases. I know what you're saying. But I don't remember the tax court saying this is a principal consideration. As opposed to the burden is on the IRS. Put this in and if we don't see it, they lose. No. They didn't consider it. Yes, Your Honor, but the commissioner doesn't lose if the other side never says the commissioner didn't meet his burden. You can waive that. If the commissioner makes out a case and the other side never says you didn't make out a prima facie case and you lose on the merits and then you appeal, it's too late to say. I agree with that as a general proposition of law. What has thrown me about this is the beginning of the Second Circuit's opinion in Chai. They say that the tax court exercises jurisdiction only to the extent provided by statute. In its jurisdiction to redetermine a deficiency asserted by the IRS depends upon a valid notice of deficiency and a timely filed petition. But they say that whether there's a valid notice of deficiency is jurisdictional is what they seem to be saying. They're citing tax court opinions. Yes, Your Honor. Valid means one that complies with the requirements of the code, meaning it was sent to the taxpayer's last known address within the time limit for issuing it. So you don't think that 6751 has nothing to do with the notice of deficiency? It has nothing to do with whether the notice of deficiency is valid. No, not a thing. That goes to the merits of the penalties, and part of the commissioner's production on the penalties is whether he has a written approval. There's nothing. The notice of deficiency, yes, the tax court, the commissioner has to issue a deficiency notice. To be valid, it has to be timely, has to be sent to the taxpayer's last known address. Of course, if he receives it, it's okay. And then the taxpayer has to file a petition within 90 days. At that point, the tax court has jurisdiction to not only determine the deficiency, determine an overpayment, decide the whole gambit of the merits. But this procedural thing is a defense that the taxpayer has, that the commissioner has the burden of production. So he could say, well, on the merits, I owe the penalty, but it wasn't approved in writing, so I'm not liable for the penalty. That's just a defense as to whether the penalties are going to apply. That seems to be the way that the Second Circuit explains it later, because they say it's just a matter of whether the commissioner has met his or her burden of proof. Nothing in Kaufman, nothing in these later tax court decisions say anything about jurisdictional terms. They talk about burden of production, which is not – the court already has jurisdiction, or you wouldn't be talking about burden of production. Well, no, wait a minute. The word jurisdiction can be confusing here. There's no question about our jurisdiction. But the tax court could be taking a position with respect to its jurisdiction, which isn't really Article III. No, but it hasn't said that it affects their jurisdiction either. Their jurisdiction is simply – there has to be in this type of case, there has to be a notice of deficiency, and there has to be a timely petition challenging it. At that point, they have jurisdiction to decide everything that's in the notice of deficiency. Counsel, may I ask a question that puzzled me? Why did you not assert our deference with respect to the pass-through regulation? That's probably an oversight about the deference owed to – You went to Skidmore deference on the revenue rule. Right. You had a pass-through regulation, which would largely win your case and your interpretation of it. Why didn't you just say our deference to that? That's classic. Well, it's probably an oversight, Your Honor, but all the authorities have approved the ruling, including the Ninth Circuit. My opponent is relying on regs, which aren't on point, to challenge regs, which are on point. No, I understand your argument. So I think it would be overkill. There's no authority that has said that the check-the-box regs have anything to do with whether the small partnership exception applies. The tax court's rejected it four or five times. The Ninth Circuit's rejected it. You have rulings that say pass-through – if a partnership has pass-through partners, they can't qualify. Pass-through partners include, as the code defines, nominees and grantor of trust. Well, they're disregarded entities, just like LLCs that check the box. Nominees don't report the income they receive for somebody else, either the grantor of trust. The grantor of trust files an information return reporting the income it received by the true owner, but it's not reporting not as its own income. So I agree with you. We also had a collateral estoppel argument because when the tax court dismissed the deficiency proceeding on the ground. Well, that's a separate argument. But I'm just saying we had that. Our deference isn't really a separate argument. That's just a legal point you made. But now you're about to make a separate argument. Well, I'm not raising it. If we didn't raise it below, we should have. But I'm just saying the Ninth Circuit gave Skidmore deference to the ruling. The ruling interprets the official interpretation of the IRS's own regs. So that should be the end of that issue. All right. Thank you. Thank you, Your Honor. All right. Mr. Shaw, we'll give you two minutes on rebuttal. Thank you, Your Honor. So let me make just two further points to clarify. The first is that we're in a very different position here than the taxpayer was in Kauffman, because the legal landscape here has entirely changed. That was not the case in Kauffman. Instead, the Supreme Court Hormel has stated that under that authority, we can properly raise this, the appellant can properly raise the 6751 issue on appeal for the first time. The second point is it shouldn't matter whether or not we had a consented decision or a decision after trial in the tax court. In either instance, the government had an affirmative obligation under Section 7491C and had the burden of proof to provide that it had the written determination required under Section 6751. The problem for you is that you simply did not, before the tax court in any way, preserve the 6751 issue. You didn't raise it at all. No, but we, under Hormel. You never mentioned it. You seem to go quite the contrary in everything you did was to essentially confirm that it was okay as it was. Certainly we weren't confirming. The written approval requirement was there. That's just kind of a simple thing. Either you think you have a claim with respect to it or not. If you think you have a claim with respect to it, one would suppose that you would raise it. It wasn't raised. I mean, that's where you get crushed by what Kauffman is saying, which is really important to old law. Well, I understand it was not raised, and it's being raised on appeal here. And under Hormel, we believe that we're entitled to raise it. Yeah, but you see, the problem is we ought to at least be struggling. Why wouldn't you have known to have raised it before? Because the same rule was there. It's not like it's a gloss on the law. The statute is still there. It says what it says, including the written requirement is a requirement, so any party litigating would know about it, and if they thought there was a problem, they'd raise it. And all the tax court cases that you want to point to that you sent to us essentially are saying this was raised, and how it was handled was wrong, and the government loses because you didn't meet your burden here, and it was raised. You don't have a situation where you've raised anything. So how did those parties know to raise it, and you didn't know to raise it? May I have? Yes, you can answer. So it was not raised. At the time that this case was in the tax court, as the Court said in Chai, this is very unclear provision here. But it wasn't unclear to the people in the cases in which you're pointing us to. They raised it. I understand, Your Honor. At the time, though, that this case was before the tax court, no court had decided that penalties were inappropriate under Section 6751. And, you know, in fact, in the first Grave decision, what they referred to as Grave 2, the tax court held that it was premature in that case to bring 6751 before the tax court because the IRS could get the written determination subsequent to the tax court proceeding. But it all begs the question because all of these parties in the cases in which you want us to read and have read raised it. They knew there was a provision there, and they raised it. And we believe that, under Harmel, we're entitled to raise it here and fall under the same position as those cases that are still in the tax court that have raised this issue. All right. Thank you. We'll take the matter under submission. Thank you.
judges: Wilkins, Edwards, Silberman